RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SEP 1 0 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:07CV809-mht |
| LEO LACAYO and M. F., a minor, by and through her Parent and Next Friend, Vicki Flowers, | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff Nationwide Property and Casualty Company (hereinafter "Nationwide") and files the following Complaint for Declaratory Judgment against the defendants.

**PARTIES**

1.      Nationwide is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

2.      Leo Lacayo is an individual over the age of nineteen (19) years of age who resides in Montgomery County, Alabama.

3.      M. F. is an individual under the age of nineteen (19) years of age who resides in Montgomery, Alabama, and lives with her parent and next friend, Vicki Flowers, who is over the age of nineteen (19) years.

## JURISDICTION & VENUE

4.    This action is filed pursuant to the federal Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure.

5.    This is an action brought for a declaratory judgment pursuant to 29 U.S.C. §§ 2201-2202.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as the defendants reside in this district.

8.    Upon information and belief, the amount in controversy exceeds $75,000.00. This amount is satisfied as set forth below.

9.    As shown below there is a justiciable controversy, which requires the Court to declare the rights, remedy, obligations and liabilities of these parties.

## FACTUAL BACKGROUND

10.    Nationwide issued Mr. Lacayo an Elite Homeowner's Policy, with said policy bearing the number 124735. This policy affords $500,000.00 in bodily injury coverage and should the Court determine that there is coverage, Nationwide would be obligated up to this amount.

11.    On or about April 12, 2007, M. F. was allegedly attacked by Mr. Lacayo's pet dog, a Bull Mastiff named Moses, while on or near Mr. Lacayo's premises. M. F. was allegedly injured as a result of the attack.

12.    Upon information and belief, Mr. Lacayo's dog, Moses, had previously caused bodily injury to other individuals and attacked and bitten other dogs.

-2-

13.    On July 23, 2007, Mr. Lacayo notified Nationwide of Moses' alleged attack on M. F.

14.    On August 6, 2007, Nationwide sent Mr. Lacayo a reservation of rights letter citing potential coverage issues.

15.    The insurance policy issued by Nationwide to Mr. Lacayo had an active policy period of April 12, 2007 to April 12, 2008.

16.    The insurance policy issued by Nationwide to Mr. Lacayo contains the following provisions that are pertinent to this Complaint for Declaratory Judgment:

COVERAGE EXCLUSIONS

Coverage does not apply to:

(o) Caused by any of the following animals owned by or in the care of an insured:

(5) Any dog with a prior history of:

(a) causing bodily injury to a person; or

(b) attacking or biting other animals;

established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.

[. . .]

3.    Duties after loss.

In case of a loss you must perform the following duties. You must cooperate with us in seeing that these duties are performed.

(a)    Give notice to us or our agent as soon as practicable setting forth:

(1)    Identity of the policy and insured.

-3-

     (2)     Time, place, and facts of the accident
                  or occurrence.

     (3)     Names and addresses of the claimant
                  and witnesses.

## <u>CLAIMS FOR RELIEF</u>

17.    Based on the foregoing facts, policy terms and provisions, there presently exists a justiciable controversy as to whether coverage would exist under Mr. Lacayo's policy as to M. F.'s claim of bodily injury.

18.    Nationwide desires to perform and discharge any duties which it may owe to the parties involved in this matter, but is presently in doubt as to the nature and extent of its obligations, if any, with respect to the policy in question. Absent a declaration of its rights and obligations, Nationwide will be exposed to substantial and irreparable injury and uncertainty, all of which can be avoided by the declaration of its rights as requested herein.

19.    Nationwide respectfully requests that this Court assume jurisdiction over this cause and allow Nationwide to determine all coverage issues as may exist under the terms and provisions of the policy. Nationwide prays that the Court will generally declare and define the following:

     a.     The nature and extent of any coverage obligations, if any, which may exist in favor of Leo Lacayo, pursuant to the policy issued to him by Nationwide.

     b.     The nature and extent of any coverage obligations, if any, which may exist in favor of M. F.

20.    Nationwide also requests such further and different relief as may be appropriate to accomplish justice and equity among the parties.

-4-

*Kori L. Clement*

Kori L. Clement (CLEMK5125)
Attorney for Plaintiff, Nationwide Property
and Casualty Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-mail: clem@harelaw.com

**PLEASE SERVE DEFENDANTS BY RESTRICTED CERTIFIED MAIL AS FOLLOWS:**

Leo Lacayo
3106 Brentwood Drive
Montgomery, Alabama 36111

M. F.
c/o Ms. Vicki Flowers
3527 Edgefield Road
Montgomery, Alabama 36111