IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2:07CV809-MHT<br>) |
| LEO LACAYO and<br>M. F., a minor,<br>by and through her Parent and Next<br>Friend, Vicki Flowers, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule Civil Procedure 26(f) a telephone meeting was held on December 11, 2007, and was attended by:

Kori L. Clement on behalf of Plaintiff Nationwide Property and Casualty Company;

Leo Lacayo on behalf of Defendant Leo Lacayo, pro se; and

A separate teleconference was held on December 13, 2007, attended by Kori Clement and Mark Sabel on behalf of Defendants M.K. and Vicki Flowers.

Plaintiff: On or about April 12, 2007, M. F. was allegedly attacked by Mr. Lacayo's pet dog, a Bull Mastiff named Moses, while on or near Mr. Lacayo's premises. M. F. was allegedly injured as a result of the attack. Nationwide issued Mr. Lacayo an Elite Homeowner's Policy, with said policy bearing the number 124735. This policy affords $500,000.00 in bodily injury coverage and should the Court determine that there is coverage, Nationwide would be obligated up to this amount. It is Nationwide' position that Mr. Lacayo failed to meet certain

conditions precedent to coverage and has therefore requested that this Court determine if there is coverage for this claim.

Defendant:    The defendants affirmatively allege that there is coverage for the claims submitted on behalf of the defendants M.K. and Vicki Flowers under the insurance policy issued by Nationwide.

2.    The parties do not request a conference with the Court before entry of the scheduling order.

3.    This bench action should be ready for trial by September 2008 and at this time is expected to take approximately two (2) days.

4.    The parties request a pretrial conference sixty (60) days before trial.

5.    Discovery Plan. The parties jointly propose to the court the following discovery plan:

> Discovery will be needed on the following subjects: Plaintiff will need discovery on the following subjects: facts surrounding the incident and subsequent reporting of same to Nationwide. Defendant will need discovery on the following subjects: the policy and basis for questioning coverage. The Flowers Defendants cannot fully elaborate because they have not yet seen the policy.

All discovery commenced in time to be completed by June 30, 2008.

6.    Initial Disclosures: The parties will exchange by December 31, 2007, the information required by Fed. R. Civ. P. 26(a)(1). The Flowers Defendants will provide disclosures by January 18, 2008, after their Answer to the Amended Complaint is due.

7.    The parties request that plaintiff should be allowed until December 31, 2007, to join additional parties and to amend the pleadings, and the defendants should be allowed until

January 15, 2008, to join additional parties and to amend the pleadings. The Flowers Defendants request until March 1, 2008, to join additional parties.

8. Reports from retained experts under Rule 26(a)(2) due:

From plaintiff by May 1, 2008. Plaintiff to proffer all experts for deposition on or before May 15, 2008.

From defendants by June 15, 2008. Defendants to proffer all experts for deposition on or before July 15, 2008.

9. Discovery Limits:

Maximum of 30 interrogatories by each party to any other party. Responses are due within thirty (30) days after service. The Flowers Defendants do not agree to any limit on interrogatories.

Maximum of 7 depositions by plaintiff (excluding expert depositions) and maximum of 7 depositions by defendants (excluding expert depositions). Each deposition limited to maximum of 7 hours unless extended by agreement of parties. The Flowers Defendants do not agree to fewer than 7 depositions.

Maximum number of 25 requests for admission by each party to any other party. The Flowers Defendants do not agree to any limits on requests for admissions or requests for production.

Responses are due within thirty (30) days after service.

10. All potentially dispositive motions filed by July 30, 2008.

11. Settlement cannot be evaluated at this time.

12. Other Matters:

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due: fourteen (14) days before trial.

Parties should have ten (10) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

*/s/ Kori L. Clement*
Kori L. Clement (CLEMK5125)
Attorney for Plaintiff
Nationwide Property and Casualty Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 North 20th Street
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-Mail: clem@harelaw.com

*/s/ Mark Sabel /with permission KLC*
M. Wayne Sabel (SAB 002)
Mark Sabel (SAB 004)
Attorney for the Defendants
M.K. and Vicki Flowers

OF COUNSEL:
Sabel and Sabel, P.C.
Hillwood Office Center
2600 Zelda Road, Suite 100-5
Montgomery, Alabama 36106
Telephone (334) 271-2770
Facsimile: (334) 277-2882

Leo Lacayo, pro se[1]

3106 Brentwood Drive

---

[1] The afternoon of the same day that the Rule 26 meeting was conducted, counsel for the plaintiff faxed the proposed report of parties planning meeting to Mr. Lacayo for execution. Mr. Lacayo has failed to return an executed copy. We have spoken with Mr. Lacayo on several occasions and he promises to fax me his signature page, but to date has not done so.

Montgomery, Alabama 36111