IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:07-CV-809-MHT |
| LEO LACAYO and M. F., a minor, by and through her Parent and Next Friend, Vicki Flowers, | ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT, STATEMENT OF UNDISPUTED FACTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW the Plaintiff, Nationwide Property and Casualty Company (hereinafter "Nationwide"), by and through its undersigned counsel, and moves this Honorable Court, pursuant to Rule 56 of the Fed. R. Civ. P., to enter summary judgment in favor of Nationwide as to the Defendants, Leo Lacayo and M. F., a minor, by and through her Parent and Next Friend, Vicki Flowers. As grounds therefore, Nationwide shows that there are no issues of material fact in dispute and that Nationwide is entitled to judgment as a matter of law. This motion is based upon the pleadings presently on file before the Court, the Evidentiary Submission in Support of the Motion for Summary Judgment, the following Statement of Undisputed Facts and Memorandum of Law.

<u>**STATEMENT OF UNDISPUTED FACTS**</u>

1.     Nationwide issued Leo Lacayo an Elite Homeowners policy, with said policy bearing Policy Number 77 01 HP 124735, and with said policy being in effect on April 13, 2007. [Exhibit "1," Nationwide Homeowners Policy]

2.     On or about April 13, 2007, M. F., a minor child, was attacked by Leo Lacayo's pet dog, a Bull Mastiff named "Moses," while on or near Mr. Lacayo's home:

> M. F. stated in the presence of her Grandmother Barbara Flowers that she was riding her bike on the side walk in the 3100 Blk of Brentwood dr. She saw a dog on a chain at 3106 Brentwood dr at the far end of the driveway he was barking. She turned her bike around and started back down the side walk the dog broke the chain and came up to her knocked her off of her bike and started attacking her. M. F. walked home to her Grandmother. Mrs. Flowers walked back to get M. F.'s bike she saw a lady and a child coming out of the house of 3106 Brentwood she asked if she has a big dog she said yes and she looked down the driveway and he was gone. Mrs. Flowers stated that the dog came from around the corner of another yard towards her. Mrs. Flowers told her that her dog had attacked M. F. M. F. has 2 deep puncture wounds to her right upper arm. She has a puncture and laceration on both shoulders and a puncture wound on the back of her left thigh.

[Exhibit "2," Montgomery Police Department Animal Control Bite Report]

3.     The M. F. Animal Control Bite Report indicates that Mr. Lacayo was notified of the incident on the day it occurred and signed a form entitled "Confinement of Animals for Rabies Observation," in which he acknowledged his responsibilities relative to quarantine of his dog. [*Id.*]

4.     Prior to the M. F. incident, the same dog, "Moses," attacked and bit Carolyn Stanley and her dog on July 8, 2006:

> On July 11, 2006, Moses was being walked by two young children, who were unable to control him. When I saw

Moses being walked by the two children, I moved my dog away from Moses and went in the middle of the street in order to go around the children and Moses. Moses then stopped and turned to look at me, at which point I asked the children to hold onto Moses and I tried to get away. However, Moses lunged and attacked my elbow, which caused me to scream, and my small dog began barking. Moses then let go of my elbow and lunged toward my small dog. Although, I was able to pick up my dog, Moses bit his tail and tore some of the cartilage in the tail. I then instructed the children to take their dog home and followed them back to their house. I showed Mr. Lacayo my arm and told him what happened and that the children were unable to control the dog, Moses.

Moses inflicted a puncture wound to my left elbow, causing extensive bruising and swelling of any arm and bleeding. I suffer from numbness and tingling in my elbow, which has begun to subside over the last couple of months.

[Exhibit "3," Montgomery Police Department Animal Control Bite Report; Exhibit "4," Affidavit of Carolyn Stanley]

5.      With respect to the Carolyn Stanley incident, Mr. Lacayo was notified the day of the incident and also signed a form acknowledging his responsibilities by way of a "Confinement of Animals for Rabies Observation." [Exhibit "3," Montgomery Police Department Animal Control Bite Report]

6.      The Nationwide Homeowners policy issued to Leo Lacayo contains the following relevant policy provisions:

***Coverage Agreements***

COVERAGE A – PERSONAL LIABILITY

**We** will pay damages an **insured** is legally obligated to pay due to an **occurrence** resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property. **We** will provide a defense at **our** expense by counsel of **our** choice. **We** may investigate and settle any claim or suit. **Our** duty to defend

a claim or suit ends when the amount **we** pay for damages equals our limit of liability.

This coverage is excess over other valid and collectible insurance. It does not apply to insurance written as excess over the applicable limits of liability.

[Exhibit "1," Nationwide Homeowners Policy, p. G1]

### Coverage Exclusions

Coverage E – Personal Liability and Coverage F – Medical Payments to others do not apply to bodily injury or property damage:

(o)     Caused by any of the following animals owned by or in the care of an insured:

(5)     Any dog with a prior history of:

(a)     causing bodily injury to a person; or

(b)     attacking or biting other animals;

established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.

(6)     Any non-licensed dog.

[*Id.*, p. H3]

7.     On July 23, 2007, Mr. Lacayo notified Nationwide of Moses' alleged attack on M. F. and on August 6, 2007, Nationwide sent Leo Lacayo a reservation of rights letter.

## **LEGAL ARGUMENT**

Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  Akin v. PAFEC Limited, 991 F.2d 1550, 1556 (11th Cir. 1993); Fed. R. Civ. P. 56.  The movant has the

initial burden of informing the "court of the basis for its motion and [to] identify those

portions of the evidence which it believes demonstrates the absence of a genuine issue of

material fact." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). Once

this burden is met, the non-movant must then present substantial evidence "to call into

question the inferences created by the movant's evidence on the particular material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 81 L. Ed. 2d 265 (1986);

Fitzpatrick, 2 F.3d at 1116. In satisfying this burden, the non-movant "may not rest upon

the mere allegations or denials of the [movant's] pleadings, but must set forth specific

facts showing that there is a genuine issue for trial." Id. "For factual issues to be

considered genuine, they must have a real basis in the record" before the court. Mize v.

Jefferson County Board of Education, 93 F.3d 739, 742 (11th Cir. 1996)(citations

omitted).

Summary judgment should be granted in favor of Nationwide on its declaratory

judgment action because there is no factual dispute that Nationwide does not owe a duty

to defend or indemnify Leo Lacayo for any claims of M. F.

I.    **Moses' Prior History Of Causing Bodily Injury To A Person And Attacking Or Biting Another Animal Relieves Nationwide Of The Duty To Defend And/Or Indemnify Leo Lacayo For The Claims Of M. F.**

Pursuant to Alabama law, clear and unambiguous policy language must be

enforced by the court. American & Foreign Insurance Co. v. Tee Jays Manufacturing Co.,

Inc., 669 So. 2d 1226 (Ala. 1997); B. D. B. v. State Farm Mutual Automobile Insurance

Co., 814 So. 2d 877 (Ala. Civ. App. 2001). When there is no ambiguity in its terms, an

insurance policy must be enforced as written and courts may not defeat express

provisions, including exclusions, by rewriting the contract or by judicial interpretation.

Monninger v. Group Insurance Service Center, Inc., 494 So. 2d 41 (Ala. 1986). The mere

fact that adverse parties advocate for different constructions of policy language does not,

of itself, force a conclusion that disputed language is ambiguous. Antram v. Stuyvesant

Life Insurance Co., 287 So. 2d 837 (Ala. 1973).

> The instant policy contains a specific exclusion for "bodily injury:"

> > (o)   Caused by any of the following animals owned by
> > or in the care of an insured:

> > > (5)   Any dog with a prior history of:

> > > > (a)   causing bodily injury to a person; or

> > > > (b)   attacking or biting other animals;

> > > > > established through insurance claims
> > > > > records, or through the records of
> > > > > local public safety, law enforcement
> > > > > or other similar regulatory agency.

> > > (6)   Any non-licensed dog.

[Exhibit "1," Nationwide Homeowners Policy, p. H3]

> Based upon the Carolyn Stanley Animal Control Bite Report involving Moses, a

dog owned by the Nationwide insured, Leo Lacayo, Moses was involved in at least one

prior incident causing bodily injury to a person and which also involved attacking or

biting another animal. [Exhibit "2," Montgomery Police Department Animal Control

Bite; Exhibit "3," Montgomery Police Department Animal Control Bite Report; Exhibit

"4," Affidavit of Carolyn Stanley] In fact, as the Affidavit of Carolyn Stanley

demonstrates, Moses attacked her and her small dog on July 11, 2006, approximately

nine months before Moses attacked M. F. [Exhibit "4," Affidavit of Carolyn Stanley]

The clear and unambiguous language contained in the Nationwide exclusion precludes coverage for the incident involving M. F.

Although, there are no Alabama cases, which specifically construe the provision in question, the Nationwide policy language contained within the body of the instant exclusion has been upheld by a Federal District Court. Nationwide Mutual Fire Insurance Co. v. Creech, 431 F. Supp. 2d 710 (E.D. Ky. 2006). In Creech, Anthony and Christy Creech's pet German Shepherd, Jake, attacked their three year old niece, Trinity Adams, during a visit to the Creech residence. Id. at 711. The Creechs, like Leo Lacayo, had a Nationwide Homeowners policy, which contained the same exclusion as is found in the instant case. Id. at 716. Like the policy in Creech, Mr. Lacayo's Nationwide policy provides coverage for "damages an insured is legally obligated to pay due to an occurrence . . . subject to certain exclusions." [Exhibit "1," Nationwide Homeowners Policy, pp. G1, H1-H3] The Court in Creech construed the same exclusion containing the language: "caused by any of the following animals owned by or in the care of an insured:," but applied a different subsection of that exclusion relative to a "non-licensed" dog.[1] Id. at 716. In Creech, Nationwide argued that the exclusion was clear in that it was undisputed that the dog in question was not licensed. Id. at 717. In Clark County, Kentucky, where the incident occurred and where the Creechs resided, there was an ordinance, which required that dog licenses were to be renewed each year by way of an annual rabies vaccination. Id. Because the Creechs' dog received his last rabies vaccination on September 25, 2003, and because the incident out of which the case arose occurred on June 25, 2005, the Creechs' dog was deemed "non-licensed" at the time of

---

[1]In fact, the provision construed in Creech is found immediately below the instant provision. [Nationwide Homeowners Policy, p. H3].

the incident. Id. Finding that the dog was clearly not licensed on the date of the incident, the court agreed with Nationwide's argument that the language was unambiguous and that there was, therefore, no coverage under the Homeowners policy in question. Id. at 718. As the court explained, the only reasonable interpretation of the Nationwide policy, which it described as "clear" and "specific," was that Nationwide would not provide coverage for a non-licensed dog. Id. As a result, there was no coverage for Trinity Adams' injury and Nationwide's Motion for Summary Judgment was granted. Id.

In the instant case, it is undisputed that Moses caused an injury to Carolyn Stanley and her dog on July 8, 2006. [Exhibit "3," Montgomery Police Department Animal Control Bite Report; Exhibit "4," Affidavit of Carolyn Stanley] Further, it is undisputed that on April 13, 2007, Moses injured M. F. [Exhibit "2," Montgomery Police Department Animal Control Bite Report] As a result, the clear language of the Nationwide policy exclusion works to exclude coverage for the M. F. incident, which is the subject of this declaratory judgment action.

In American Strategic Insurance Co. v. Lucas-Solomon, 927 So. 2d 184 (Fl. App. 2 Dist. 2006), another dog bite exclusion was upheld by a Florida Appellate Court. The coverage dispute in that case involved a policy exclusion for bodily injury caused by "any dog owned by or kept by you." Id. at 186. While the insurance company argued that this exclusion was unambiguous, the insured argued that because the term "you" was defined by the policy to include the "named insured shown in the declarations and the spouse, if a resident of the same household," and because the dog in question was also "owned" by the insured's nine year old daughter, that it did not operate to exclude coverage for the injuries. Id. at 186. The insureds, the Kennedys, argued as follows:

> The Kennedys argued that although the dog exclusion would apply to bar coverage as to Melvin Kennedy, the named insured, and Margaret Kennedy, his wife, who are both residents of the same household and owners of the dog, the exclusion would not apply to their daughter, Caitlyn . . . The Kennedys maintained that despite Caitlyn's role as owner and keeper of the dog, she was not included in the policy definition of "you," but rather was included under the policy only as an "insured" as to which, they argued, the dog exclusion did not apply.

Id.

The court concluded that the provision was unambiguous. Id. As the court stated:

> It is a strained reading to suggest that American Strategic intended to exclude the named insured and his or her spouse from coverage for injuries resulting from an incident involving their dog, while at the same time, intending to provide coverage for the named insureds' nine year old daughter, who owns the dog with them jointly.

Id. at 186-187. As a result, the court in Lucas-Solomon, reversed a trial court which had found the provision to be ambiguous.

In the instant case, as in Lucas-Solomon and Creech, the facts are undisputed. That is, it is undisputed that Moses had a prior incident in which he bit an individual as well as another animal. [Exhibit "3," Montgomery Police Department Animal Control Bite Report; Exhibit "4," Affidavit of Carolyn Stanley] It is also undisputed that the Nationwide policy in question contained an exclusion covering just that situation. As a result, there is no coverage for the claim made on behalf of M. F. for bodily injury. Nationwide is entitled to summary judgment as a matter of law.

Respectfully submitted,

/s/ Kori L. Clement
Kori L. Clement (CLEMK5125)
Attorney for Plaintiff

<u>OF COUNSEL</u>:
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile: (205) 322-5577
E-mail: clem@harelaw.com

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing document has been electronically served upon counsel of record and by placing a copy of same in the United States Mail, properly addressed and postage affixed, to Leo Lacayo, on this the 21st day of February, 2008, as follows:

Mr. Leo Lacayo
3106 Brentwood Drive
Montgomery, Alabama 36111

M. Wayne Sabel, Esquire
Mark Sabel, Esquire
Sabel & Sabel, P.C.
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106


                                     /s/Kori L. Clement
                                     Of Counsel