## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:07-CV-809-MHT |
| LEO LACAYO and M. F., a minor, by and through her Parent and Next Friend, Vicki Flowers, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 11, 2008, where in the following proceedings were held and actions taken:

1.    **PARTIES AND TRIAL COUNSEL:**

**COUNSEL APPEARING AT PRETRIAL HEARING:** (same as trial counsel) or (indicate if different): Kori L. Clement, Esquire, Hare, Clement & Duck, P.C., 505 20th Street North, Suite 1010, Financial Center, Birmingham, Alabama 35203, for Plaintiff; M. Wayne Sabel, Esquire, and Mark Sabel, Esquire of Sabel & Sabel, P.C., Hillwood Office Center, 2800 Zelda Road, Suite 100-5, Montgomery, Alabama 36106, for Defendants Flowers; and defendant Leo Lacayo, 3106 Brentwood Drive, Montgomery, Alabama 36111, pro se.

2.    **JURISDICTION AND VENUE:** This is a declaratory judgment brought pursuant to the Federal Declaratory Judgment Act. 29 U.S.C. §§2201-2202. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. Venue is proper in the district

pursuant to 28 U.S.C. §1391(a). The amount in controversy exceeds $75,000.00, upon information and belief. Plaintiff contends, and the Flowers defendants dispute, that there is a justiciable controversy, which requires the Court to declare the rights, remedies, obligations and liabilities of these parties.

3.     PLEADINGS:  The following pleadings and amendments were allowed:

     a.     Complaint for Declaratory Judgment;

     b.     Amended Complaint for Declaratory Judgment;

     c.     Answer of Defendant Flowers;

     d.     Flowers' Amended Answer to Nationwide's Complaint for Declaratory Judgment;

     e.     "Response" dated November 2, 2007, from Defendant Lacayo;

     f.     Nationwide's Motion for Summary Judgment, Facts, Memo and Notice of Filing of Evidence, and attached evidence;

     g.     Defendant Flowers' Response to Plaintiff's Motion for Summary Judgment; and

     h.     Nationwide's Reply to Flowers' Response to Nationwide's Motion for Summary Judgment.

4.     CONTENTIONS OF THE PARTIES:

     a.     The Plaintiff(s):  The Plaintiff, Nationwide Property & Casualty Company (hereinafter "Nationwide"), has brought this declaratory judgment action asking the Court to determine that there is no coverage for the Flowers' incident, pursuant to the policy issued to Defendant Leo Lacayo. Nationwide relies upon the insurance policy provisions

contained in Policy No. 77 01 HP 124735. Specifically, Nationwide asserts that there is no coverage for the April 13, 2007, incident involving M. F., a minor child who was allegedly attacked by Leo Lacayo's pet dog, a Bull Mastiff named "Moses," while on or near Mr. Lacayo's home. The policy provisions relevant to this declaratory judgment action include the following:

*Section II*

*Liability Coverages*

**ADDITIONAL DEFINITIONS APPLICABLE TO THESE COVERAGES**

**For purposes of these coverages only:**

1.  **"BODILY INJURY" means bodily harm, including resulting care, sickness or disease, loss of services or death. Bodily injury does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm.**

2.  **"PROPERTY DAMAGE" means physical injury to or destruction of tangible property. This includes its resulting loss of use.**

                              * * *

4.  **"OCCURRENCE" means bodily injury or property damage resulting from an accident, including continuous or repeated exposure to the same general condition. The occurrence must be during the policy period.**

                              * * *

*Coverage Agreements*

**COVERAGE E – PERSONAL LIABILITY**

**We will pay damages an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of**

3

**real or personal property.**

**[Nationwide Homeowners Policy, p. G1]**

*Liability Exclusions*

**(Section II)**

**1.      Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:**

**[*Id.*, p. H1]**

**o)      caused by any of the following animals owned by or in the care of an insured:**

**(1)      the following types of pure bred dogs:**

**(a)      American Staffordshire Terriers, American Pit Bull Terriers, or Staffordshire Bull Terriers, all commonly known as Pit Bulls;**

**(b)      Doberman Pinchers;**

**(c)      Rottweilers;**

**(d)      Chow Chows; or**

**(e)      Presa canaries;**

**(2)      wolf hybrids;**

**(3)      trained attack or guard dogs;**

**(4)      any fighting dog or dog bred for fighting; or**

**(5)      any dog with a prior history of:**

**(a)      causing bodily injury to a person; or**

**(b)      attacking or biting another animal;**

**4**

> **established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.**
>
> **(6)      any non-licensed dog.**

**[*Id.*, p. H3]**

Based upon the provisions and exclusions contained within the Nationwide policy, and based upon evidence that the dog "Moses" attacked another person on July 8, 2006, and based upon the clear wording of Nationwide's exclusion, the instant dog bite incident is not covered under the policy. Nationwide takes the position that the policy language and exclusions are unambiguous as a matter of law and due to be enforced. For that reason, there is no coverage for the M. F. incident.  Nationwide disputes and moves to strike any position from the defendant Flowers regarding allegations that are not asserted in this matter.

   (b)      The Defendant(s):

   1.      Lacayo Defendant – Numerous attempts were made to reach defendant Lacayo for his position statement, but to no avail.

   2.      The Flowers' Defendants – There is coverage for the Flowers' incident, pursuant to the policy issued to Defendant Lacayo by Plaintiff, Nationwide Property and Casualty Company. There is coverage in all respects (including bodily injury, personal injury, property damage, and all other types of injury), for the April 13, 2007 incident involving M.F., a minor child who was attacked by a pet Bull Mastiff named "Moses" while on or near the Lacayo home, which caused damage and injuries.  The dog was not

**5**

the sole, independent, direct cause of injury.

Based upon the provisions and wording of the applicable policy, the instant dog bite incident is covered under the policy. At a minimum, the policy language and exclusions are sufficiently ambiguous that coverage must be found to exist. There is therefore coverage for the M.F. incident. The Flowers' Defendants are entitled to costs and attorney's fees in defending this action.

The dog who attacked and injured M.F. was not kept in a fenced yard. The barking dog caused fear and emotional distress in M.F. even before the dog bit or touched her, as well as both during and after the attack. M.F. was filled with fear and riding away, but the dog caught her from behind. She has since suffered emotional distress from the incident.

After M.F. was attacked, she was taken the same day to the emergency room to receive medical treatment in the nature of First Aid. M.F. had cuts, scrapes, bruises, and puncture wounds from dog bites, and the hospital administered the necessary First Aid, including by prescribing Tylenol for pain and medicine to prevent infection. Among other things, M.F.'s wounds were cleaned, she was administered Neosporin, and gauze was applied. M.F. returned to the emergency room for follow up, where she received additional treatment, including in the nature of First Aid.

The medical documents obtained from Baptist Health are some of

**6**

the records obtained and reflect a portion of the aid M.F. received.

The attack resulted in M.F.'s shirt being ripped and ruined. There is some damage to the pedal of M.F.'s bicycle.

No part of the applicable insurance policy relieves Plaintiff Nationwide of the duty to defend and indemnify for the Flowers' Defendants' claims.

The entire policy is properly read to favor coverage, and the ambiguous policy exclusion is insufficient to defeat coverage.

The policy specifies that neither first aid expenses nor property damages are subject to the exclusion cited by Nationwide.

The policy language indicating an expansive coverage of all "damages" an insured is "legally obligated to pay," (*see id.*, Section II - "Coverage Agreements" at G1), along with other provisions in the policy, (*see also id.* at G2), creates the reasonable expectation that coverage will attach.

The fact that a Nationwide agent expected and represented that the policy would provide coverage in this instance to Mr. Lacayo, (Lacayo "Response to Complaint," (Doc. #16 at 1)), testifies to the reasonableness of the expectation of coverage.

Any ambiguity in the Nationwide policy must be construed strictly to favor coverage, and all reasonable inferences must be drawn in favor of coverage on this motion for summary judgment.

**7**

The language of the policy is ambiguous, self-contradictory, frequently undefined, and fatally flawed.

The purported animal exclusion is inapplicable to situations, such as exist here, susceptible to multiple or concurrent or superseding causes. In other words, if there is more than one cause of the injury, the relied upon exclusion does not apply.

The policy does not specifically state that the purported animal exclusion works to exclude coverage even if multiple, concurrent, or superseding causes are involved, and accordingly, coverage is required.

The dog was not the sole, independent, direct cause of injury, but rather, acted in concert with the owner(s) who failed to properly restrain and secure the dog on the premises. DEX 1 at ¶2 & DEX 2. As the police report notes, the dog escaped from the yard and was not properly tied to a stake and not restrained in the yard. DEX 2.

According to Mr. Lacayo, the dog was "provoked," (*see* Lacayo "Response to Complaint," (Doc. #16 at 1)), meaning that, if his story is believed, the provocation provided an additional, perhaps concurrent, cause to the injury. To the extent that the dog escaped because of a negligent omission - namely the failure to restrain the dog in the yard - such an omission is not a "cause" that triggers subparagraph (o)'s exclusion. Clearly, the

**8**

activities and omissions of the members of the Lacayo family as well as the conduct of the animal constitute multiple, concurrent causes of actual injuries that are not subject to exclusion.

Mr. Lacayo has replied in his Answer that after the dog attack, Nationwide informed him that his policy covered the incident. Lacayo "Response to Complaint," (Doc. #16 at 1). Mr. Lacayo states that "after reporting this incident to my agent, he assured me that I was fully covered and no worries in this situation." *Id.* Such an admission not only serves to demonstrate the ambiguity of the policy, but serves as an admission that the policy in fact does provide coverage and indemnity to Mr. Lacayo related to the dog's attack.

Nationwide has breached its contract of insurance and acts in bad faith, and its claim is void due to fraud.

Plaintiff failed to state a claim upon which relief can be granted.

Any policy ambiguities must be construed against Plaintiff.

The claim is void as against public policy.

To the extent that Nationwide issued the policy with the intent or effect to preclude coverage or a recovery under the only or primary circumstances that would legally permit a recovery, Nationwide's claim is void because it is fraudulent, in bad faith, against public policy, a breach of contract, and represents the

**9**

attempt to create an illusion of potential coverage in a policy where the underlying liability for a dog bite would be nearly or completely impossible to obtain.

5.    <u>**STIPULATIONS BY AND BETWEEN THE PARTIES:**</u>

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last one day, is specially set for October 29, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by October 15, 2008. The defendants are required to file proposed findings of fact and conclusions of law by October 22, 2008. The parties are also directed to e:mail their proposed findings of fact and conclusions of law to

**10**

<propord_thompson@almd.uscourts.gov>    in    WordPerfect
format by the dates specified above;

(4) The parties in this case are not required to file
trial briefs.  However, if they wish to do so, their
trial briefs shall be filed no later than October 24,
2008.

(5) Each party shall have available at the time of
trial, for use by the court (the judge, the courtroom
deputy clerk, and the law clerk), three copies of the
exhibit list and a sufficient number of copies of each
photostatically    reproducible    exhibit    for    opposing
counsel, the courtroom deputy clerk, the law clerk, and
the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this
order will remain as set forth in the uniform scheduling
order (Doc. No. 23) entered by the court on December 17,
2007;

(7) All understandings, agreements, deadlines, and
stipulations contained in this pretrial order shall be

**11**

binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 13th day of August, 2008.


  /s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**