IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:07cv809-MHT (WO) |
| LEO LACAYO and M.F., a minor, by and through her parent and next friend, Vicki Flowers, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

Relying on the Declaratory Judgment Act, 28 U.S.C. § 2201, plaintiff Nationwide Property and Casualty Company brings this lawsuit against defendant Leo Lacayo and defendant M.F., a minor, by and through her parent and next friend, Vicki Flowers, concerning the nature and extent of Lacayo's insurance coverage with Nationwide and the nature and extent of any coverage obligations in favor of M.F. This court's jurisdiction is properly invoked pursuant to 28 U.S.C. § 1332 (diversity).

Based on the evidence presented at a nonjury trial, the court finds that Lacayo's insurance policy unambiguously precludes coverage for this incident with the exception of an allotment of up to $ 1,000 for potential damage to M.F.'s property.

## I. FACTS

In April 2007, seven-year-old M.F. was riding her bicycle on the sidewalk when she saw a barking dog on a chain at the far end of the driveway belonging to 3106 Brentwood Drive.  She turned her bicycle around and started back down the sidewalk, but the dog broke free of his chain and began to chase her.  The dog then attacked M.F., who was left with two deep puncture wounds in her upper right arm, a puncture wound and laceration on both shoulders, and a puncture wound on the back of her left thigh.  When M.F.'s grandmother went back to 3106 Brentwood Drive to retrieve M.F.'s bicycle, she confirmed that the occupants of the house had a big dog.  The dog

turned out to be Lacayo's pet dog, a Bullmastiff named Moses.

Montgomery Police Department Animal Control records indicate that Moses had attacked a woman and her dog in July 2006; Moses inflicted a puncture wound to the back of the woman's left arm.  Lacayo notified Nationwide, with whom he had homeowner's insurance, about the attack on M.F. a few months after it occurred.  Nationwide responded with a reservation of rights letter discussing potential coverage issues.  Later, Nationwide filed the instant suit to determine its liabilities under Lacayo's policy.  M.F. has not yet filed a state-court lawsuit seeking damages.

## II. DISCUSSION

### A. Court's Discretion to Hear Declaratory-Judgment Action

Before turning to the substance of this case, the court must address its discretion to entertain this action under the Declaratory Judgment Act.  A federal

district court has broad discretion in the exercise of its jurisdiction over declaratory-judgment actions. See, e.g., Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942); Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Village, Inc., 796 F.2d 384, 387-88 (11th Cir. 1986) (per curiam). The terms of the Declaratory Judgment Act establish this discretion: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

This discretion becomes particularly important if the action in federal court raises issues of state law that are "being presented contemporaneously to state courts." Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 742 (11th Cir. 1982). Where, as here, there is no underlying state-court proceeding, the Eleventh Circuit Court or Appeals has held that a district court

4

abuses its discretion by choosing to "dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." Federal Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000). This court is therefore bound by Eleventh Circuit precedent to decide this declaratory-judgment action.* See Michigan Tech Fund, 680 F.2d at 742 (11th Cir. 1982).

---

* This conclusion, based on a per se rule, strikes the court as being contrary to the Supreme Court's emphasis on the district court's discretion to hear declaratory judgment actions. See Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 394 (5th Cir. 2003) ("This court finds that a per se rule requiring a district court to hear a declaratory judgment action is inconsistent with the discretionary Brillhart and Wilton standard. ... The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action."). However, even in the absence of the Eleventh Circuit's per se rule, this court would still entertain this declaratory-judgment action.

B. Insurance Policy Coverage

The court may now turn to the meat of this dispute: whether Lacayo's insurance policy covers harms arising from the dog-bite incident.

Under Alabama law, clear and unambiguous policy language must be enforced by the court.  <u>Am. & Foreign Ins. Co. v. Tee Jays Manuf. Co., Inc.</u>, 699 So.2d 1226, 1228 (Ala. 1997).  If, however, "an insurance policy is ambiguous in its terms, the policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured." <u>Allstate Indem. Co. v. Lewis</u>, 985 F.Supp. 1341, 1345 (M.D. Ala. 1997) (Thompson, J.).  The only dispute between the parties in this suit is whether the insurance policy is wholly unambiguous in its exclusions of any claims that could be brought by M.F. against Lacayo or whether it contains ambiguities such that Nationwide would be liable for those claims.

6

The court finds that the language of the policy is unambiguous. Each provision is discussed in turn.

1. **Liability exclusions to coverage agreements**

Liability Exclusion (o) provides that the policy does not cover personal liability (under Coverage E) or medical payments to others (under Coverage F) "caused by ... any dog with a prior history of causing bodily injury to a person ... established through insurance claim records, or through the records of local public safety, law enforcement, or other similar regulatory agency." Homeowners Policy, Pl.'s Ex. 1 at H3.  The evidence is undisputed that Lacayo's dog, Moses, had previously caused bodily injury to another person.

M.F. disputes the applicability of this exclusion, arguing that it applies only if the animal is the "sole" cause of the injury, Def's. Proposed Findings (Doc. No. 44), at 3-4.  M.F. argues that Lacayo's negligence in tying up the dog constitutes an additional cause of the

7

injury that renders the exclusion inapplicable. Regardless of whether Lacayo's negligence constitutes an additional cause, the court sees no evidence for the "sole cause of the injury" proposition in the language of the policy itself. Instead, the plain language of the policy shows that it does not cover personal liability or medical payments caused by Moses's attacking M.F., and it is therefore necessary to examine what is and is not included in the definition of those terms.

### a. Personal liability under Coverage E

Coverage E states that Nationwide "will pay damages an insured is legally obligated to pay due to an occurrence resulting from negligent personal acts or negligence arising out of the ownership, maintenance, or use of real or personal property." Homeowners Policy, Pl.'s Ex. 1 at G1. The operative word in this provision is "occurrence," which is defined as "bodily injury or property damage resulting from an accident." Id.

"Bodily injury" includes "resulting care, sickness or disease, loss of services, or death" but explicitly excludes "emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury unless the direct result of bodily harm."  Id.

As a result of the language of these provisions, emotional distress is not covered under Coverage E, and, therefore, M.F. argues, it is not among those damages made unavailable to her by the operation of Liability Exclusion (o).  The flaw in this reasoning is that no other provision in the policy establishes Nationwide's liability to pay for emotional distress.  Indeed, it appears that Nationwide--by limiting its personal liability coverage to that arising out of an "occurrence," defining "occurrence" to include only "bodily injury" and "property damage," and defining "bodily injury" to exclude emotional distress--has crafted a policy that protects it from ever having to pay damages for emotional distress.  In Alabama, insurance

companies "have the right to limit their liability and to write policies with narrow coverage."  <u>Altiere v. Blue Cross and Blue Shield of Alabama</u>, 551 So.2d 290, 292 (Ala. 1989).  Nationwide has done just that.  Exclusion (o) thus protects it from liability for damages for bodily injury, and the policy as a whole protects it from liability for damages for emotional distress.

      b. Medical payments to others under Coverage F

Coverage F provides that Nationwide will pay "the necessary medical and funeral expenses incurred within three years after an accident causing bodily injury," and it includes injuries "caused by an animal owned by or in the care of an insured."  Liability Exclusion (o), however, serves to make this entire section off-limits to those seeking repayment of medical expenses caused by a dog with a prior history of causing bodily injury to a person.

### 2. Claims arising under "Additional Liability Coverages"

In addition to Coverages E and F, the Nationwide policy includes several other categories of coverage which, notably, are not subject to liability exclusions, including Exclusion (o). Of potential relevance to this action is additional coverage for "first aid expenses" and "damage to the property of others." Pl.'s Ex. 1 at G2. Under "first aid expenses," the policy provides that Nationwide "will pay expenses for first aid to others <u>incurred by an insured</u> for bodily injury covered under this policy." <u>Id</u>. (emphasis added). The evidence shows, however, that the insured, Lacayo, has incurred no expenses for M.F.'s treatment. Moreover, there is no evidence that M.F. even received any first-aid treatment; the only evidence in the record are actual medical bills from subsequent treatment in the emergency room. Absent both evidence of expenses incurred by the insured and evidence of the administration of first aid, there can be no recovery under Nationwide's policy.

For "damage to the property of others," Nationwide will pay for damage "caused by an insured regardless of legal liability," up to $ 1,000 per occurrence. Counsel for Nationwide agreed at trial that Nationwide would be liable here for damages under this provision. This provision is narrow, but nothing in the policy prevents M.F. from recovering pursuant to its terms.

* * *

For the foregoing reasons, a declaration should be entered that, as stated above, Lacayo's insurance policy unambiguously precludes coverage with the exception of an allotment of up to $ 1,000 for potential damage to M.F.'s property. An appropriate judgment will be entered.

DONE, this the 3rd day of November, 2008.

      /s/ Myron H. Thompson
      **UNITED STATES DISTRICT JUDGE**